UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROLLAND H. EASTERDAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CV-37 |
| | ) | (VARLAN/GUYTON) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 15] to the report and recommendation filed by United States Magistrate H. Bruce Guyton [Doc. 14]. The defendant has filed a response to the objections [Doc. 16]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 10] be denied and that defendant Commissioner's motion for summary judgment [Doc. 12] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)

(citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first objects that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. Plaintiff contends that the ALJ failed to comply with Social Security Ruling 96-8p when formulating his RFC finding and that he offered no findings as to the requirements of medium work or the plaintiff's limitations, restrictions, and/or work related abilities. Plaintiff also contends that the ALJ's RFC determination failed to include the limitations imposed by his right eye blindness.

The record reflects that the ALJ was aware of plaintiff's eye condition and that it was considered by the vocational specialist. The record also reflects that the ALJ found the plaintiff's eye impairment to be "severe," but not disabling because he was born without his

2

right eye and had worked in the past. This conclusion, supported by Judge Guyton, is a reasonable conclusion based on plaintiff's medical records and work history. *Auer v. Secretary of Health & Human Servs.*, 830 F.2d 594, 596 (6th Cir. 1987). With respect to plaintiff's argument as to SSR 96-8p, the ALJ's opinion recounts the plaintiff's impairments and limitations in considerable detail and ultimately concludes that he has the RFC to perform medium exertion, provided he has no exposure to public work. (Tr. at 18-19.) Thus, the Court finds that this objection is without merit and will be overruled.

Plaintiff next objects that the ALJ's determination that he can return to his past relevant work is not supported by substantial evidence. He contends that the ALJ failed to make a specific finding as to the physical and mental demands of the plaintiff's previous employment and the ALJ therefore failed to comply with the directives of SSR 82-62. However, the record contains both plaintiff's own description of his past relevant work as a kitchen worker and the statement of the vocational specialist that an individual with an RFC for medium work could perform the job as a kitchen worker. Thus, the ALJ's conclusion that plaintiff could perform his past relevant work was not erroneous and this objection will be overruled.

Plaintiff's third objection is that the ALJ erred in failing to properly consider whether the plaintiff's impairments meet or equal Listing 12.08 – Personality Disorders. However, this argument was thoroughly considered and rejected by Judge Guyton. As noted by Judge Guyton, plaintiff does not meet the "B" criteria of Listing 12.08 and has a basic level of independence, adaptability, and effectiveness. It is well settled that a plaintiff must meet *all*

of the elements of a listed impairment. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). Accordingly, the ALJ's conclusion was not erroneous and this objection will be overruled.

Plaintiff's final objection is that, as outlined by the previous objections, Judge Guyton erred when he determined that the decision of the ALJ is supported by substantial evidence. The Court disagrees. Indeed, the record reflects that the ALJ's decision is supported by the evidence as a whole and should be affirmed. *Warner v. Commissioner of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004).

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE